**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TERESA MATTHEWS and
MICHAEL MATTHEWS,

     Plaintiffs,       CASE NO. 11-14711
                HON. LAWRENCE P. ZATKOFF

v.

WELLS FARGO BANK, N.A.,

     Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on the 31ST day of October, 2012

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant's Motion for Summary Judgment (Docket #9).
The Motion has been fully briefed. The Court finds that the facts and legal arguments pertinent to
the motion are adequately presented in the parties' papers, and the decision process will not be aided
by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(f)(2), it is hereby ORDERED
that the motion be resolved on the briefs submitted by the parties, without this Court entertaining
oral arguments. For the reasons that follow, Defendant's motions is GRANTED, and Plaintiff's
cause of action is DISMISSED.

## II.  BACKGROUND

Plaintiffs filed this suit against Defendant seeking to stall and/or prevent the scheduled October 2011 mortgage foreclosure sale of certain real property located in Shelby Township, Michigan (the "Property").  Plaintiffs assert that Defendant wrongly failed to offer them a loan modification under the Home Affordable Modification Program ("HAMP").  Plaintiffs also contend that Defendant's failure to offer Plaintiffs a HAMP modification, in turn, violated M.C.L. § 600.3205.  Plaintiff's Complaint contains two counts: (1) injunctive relief as to a sheriff sale that was scheduled, and (2) breach of contract.  In essence, however, Plaintiffs argue that Defendant violated HAMP and M.C.L. § 600.3205.

## III.  LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("[T]he plain language of Rule 56[] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").  A party must support its assertions by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

The moving party bears the initial burden of demonstrating the absence of any genuine dispute as to a material fact, and all inferences should be made in favor of the nonmoving party. *Celotex*, 477 U.S. at 323. The moving party discharges its burden by "'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004) (citing *Celotex*, 477 U.S. at 325)).

Once the moving party has met its initial burden, the burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[T]he mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient [to defeat a motion for summary judgment]; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## IV. ANALYSIS

### A.    HAMP

Defendant argues that an alleged violation of HAMP must be dismissed for failing to state a claim upon which relief may be granted because HAMP does not provide for a private cause of action. In their response brief, Plaintiffs do not contest Defendant's argument that HAMP does not afford a private right of action.

Many courts, including this one, have ruled on whether HAMP provides for a cause of action, and virtually every such court has held that HAMP does not provide for a private cause of action. *See, e.g., Hubert v. PNC Bank, Nat. Ass'n*, 2011 WL 4027417, *5-6 (E.D. Mich. Sept. 12, 2011); *Brown v. Bank of New York Mellon*, 2011 WL206124, *2-3 (W.D. Mich. Jan. 21, 2011); *Singh v. Wells Fargo Bank*, 2011 U.S. Dist. LEXIS 3563, *23 (E.D. Cal. Jan. 7, 2011); *Inman v. Suntrust Mortg., Inc.*, 2010 U.S. Dist. LEXIS 91804 (E.D. Cal. Sept. 3, 2010); *Hart v. Countrywide Home Loans, Inc.*, U.S. Dist. LEXIS 85272, *13-14 (E.D. Mich. Aug. 19, 2010) (Duggan, J.); *Zeller v. Aurora Loan Servs. LLC*, 2010 U.S. Dist. LEXIS 80449, *2 (W.D. Va. Aug. 10, 2010); *Hoffman v. Bank of Amer.*, 2010 U.S. Dist. LEXIS 70455, *6 (N.D. Cal. June 30, 2010); *Simon v. Bank of Amer.*, 2010 U.S. Dist. LEXIS 63480, *26-27 (D. Nev. June 23, 2010); *Marks v. Bank of Amer., N.A.*, 2010 U.S. Dist. LEXIS 61489, *13-15 (D. Ariz. June 22, 2010) (citations and footnotes omitted).

The *Marks* court sets forth the general rationale for concluding that HAMP does not provide for a private cause of action. The *Marks* court first explained that the legislative history of HAMP demonstrates that there is no express private right of action in HAMP:

> On October 8, 2008, President Bush signed into law the Emergency Economic Stabilization Act of 2008 . . . ("EESA"). Section 109 required the Secretary of the Treasury ("the Secretary") to take certain measures in order to encourage and facilitate loan modifications. 12 U.S.C. §5219. However, Section 109 did not create any private right of action against servicers for grievances relating to the EESA.
>
> The EESA authorized the Secretary of the Treasury, FHFA [Federal Housing Finance Agency], Fannie Mae, and Freddie Mac to create the Making Home Affordable Program on February 18, 2009, which consists of two components: (1) the Home Affordable Refinance Program, and (2) the HAMP. The HAMP aims to financially assist three to four million homeowners who have defaulted on their

4

mortgages or who are in imminent risk of default by reducing monthly payments to sustainable levels.

The HAMP works by providing financial incentives to participating mortgage servicers to modify the terms of eligible loans. On March 4, 2009, the Secretary issued guidelines under the HAMP requiring lenders to consider borrowers for loan modifications and suspend foreclosure activities while a given borrower was being evaluated for a modification. U.S. Dep't of the Treasury, Home Affordable Modification Program Guidelines (March 4, 2009).

Per designation by the Secretary, Freddie Mac serves as compliance officer for the HAMP. U.S. Dep't of Treasury, Supplemental Directive 2009-08, at 4 (Nov. 3, 2009). The HAMP requires mortgagees to collect, retain, and transmit mortgagor and property data to Freddie Mac in order to ensure compliance with the program. See Supplemental Directive 2009-01, at 13-14, 19-21 (Apr. 6, 2009); Supplemental Directive 2009-06 (Sept. 11, 2009). As the compliance agent, Freddie Mac is charged with conducting "independent compliance assessments" including "evaluation of documented evidence to confirm adherence . . . to HAMP requirements" such as the evaluation of borrower eligibility. Supplemental Directive 2009-01, at 25-26.

On that basis, the *Marks* court concluded that:

Nowhere in the HAMP guidelines, nor in the EESA, does it expressly provide for a private right of action. Rather, Congressional intent expressly indicates that compliance authority was delegated solely to Freddie Mac. By delegating compliance authority to one entity, Freddie Mac, Congress intended that a private cause of action was not permitted.

*Id*. at *15 (citation omitted). This Court notes that the *Marks* court also concluded that no implied cause of action existed under HAMP, *id*. at *17-18 and 20, as did the courts in the other cases cited above, including the *Hart* court. *Hart*, 2010 U.S. Dist. LEXIS 85272 at *13-14.

The case relied upon by Plaintiffs, *Wigod v. Wells Fargo*, 673 F.3d 547 (7th Cir. 2012), offers no support for Plaintiffs' HAMP claim. Wigod's claims were based upon a trial period plan ("TPP") the parties had entered into. Wigod alleged that she complied with all of the terms of the

TPP, but Wells Fargo then failed to provide her a permanent loan modification. The basis of Wigod's case was the alleged breach of contract as to the TPP.   In this case, the parties never entered into a TPP. Moreover, the *Wigod* court, like the many courts cited above, noted that federal courts throughout the country have rejected a private individual's right to bring HAMP claims *Id.* at 559 n.4. Accordingly, the Court finds that Plaintiffs' reliance on *Wigod* does not preclude dismissal of their  HAMP claim.

Accordingly, and for the reasons set forth above, the Court concludes that, to the extent Plaintiffs' cause of action is based on Defendant's alleged violation of HAMP, Plaintiffs' cause of action must be dismissed.

**B.     M.C.L. § 600.3205**

As Plaintiffs argue, and as Defendant agrees, Plaintiffs' state law claim pursuant to M.C.L. § 600.3205 is not pre-empted or barred by federal law (namely, HAMP). Plaintiffs argue that:

> Defendant, to date, has yet to show how it . . . made a determination by proper calculations from documents submitted by Plaintiffs or why a modification has not been issued.  In fact, Defendant has yet to designate the person that the Plaintiffs can contact. MCL 600.3025a. Trott & Trott (defendant's collection agent in toto) is not a proper designation.[1]

Section 600.3205c(5) provides;

> The person designated under section 3205a(1)(c) shall provide the borrower with both of the following:
>
> > (a)     A copy of any calculations made by the person under this section.

---

[1]Plaintiffs argue that Trott & Trott is not a properly designated agent.  This argument is baseless, as a September 17, 2010 letter to Plaintiffs unequivocally evidences: "The agent designated by the Mortgage Servicer and/or Mortgage Holder [Defendant] to contact and that has authority to make agreements under MCL sections 600.3205b and 600.3205c is: Trott & Trott, P.C. . . ."

> (b)     If requested by the borrower, a copy of the program, process, or guidelines under which the determination under subsection (1) was made.

In this case, despite Plaintiffs' contentions to the contrary: (1) Defendant notified Plaintiffs that Plaintiffs were not eligible for a modification, and (2) Defendant (through its designated agent, Trott & Trott) mailed a letter to Plaintiffs that included the calculations used by Defendant.  More specifically, Defendant sent each Plaintiff a substantively identical letter on August 31, 2011, that stated:

> We are unable to offer you a Home Affordable Modification because we are unable to create an affordable payment equal to 31% of your reported monthly gross income without changing the terms of your loan beyond the requirements of the program.

The next day, September 1, 2011, Defendant's designated agent sent Plaintiffs a letter that included the following language:

> The following calculations were provided by your lender in regards to your modification application.
>
> | | |
> |---|---|
> | Monthly Income: | $3,419.98 |
> | Monthly Expenses: | $9,066.75 |
> | Monthly Deficit: | $5,646.77 |

Based on the foregoing undisputed facts, this Court concludes that there is no genuine dispute as to any material fact that Defendant wholly complied with Section 3205(c)(5).  Defendant and/or its designated agent expressly notified Plaintiffs: (a) why a modification was not issued (because no affordable payment equal to 31% of Plaintiffs' reported monthly gross income was possible within the requirements of the program), and (b) the calculations used by Defendant, calculations that show that Plaintiffs' monthly expenses exceeded their monthly income by $5,646.77.  Therefore, the Court holds that Defendant satisfied the terms of Section 3205, as a matter of law.  Accordingly, Defendant

7

is entitled to summary judgment with respect to Plaintiffs' cause of action to the extent Plaintiffs rely on M.C.L. § 600.3205.

**C.     Second Mortgage**

Plaintiffs repeatedly direct the Court's attention to the facts that: (1) they obtained a modification on a second mortgage on the Property, and (2) the second modification was based on the same information and documentary evidence presented to Defendant.  Even if what Plaintiffs contend is true, the Court is not persuaded that these facts have any relevancy with respect to Plaintiffs' cause of action (for example, the amount of the second mortgage may have been for an amount far less than the amount of the mortgage on the loan extended by Defendant).  Moreover, Plaintiffs have cited no authority that demonstrates that, just because Plaintiffs obtained a modification on a second mortgage, Defendant was legally obligated to approve a modification for Plaintiffs on the mortgage covering the loan extended by Defendant by Plaintiffs.

### V.  CONCLUSION

Accordingly, and for the reasons set forth above, IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment (Docket #9) is GRANTED and Plaintiffs' cause of action is DISMISSED WITH PREJUDICE.  Judgment shall be entered accordingly.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: October 31, 2012